ROYAL KREST CONSTRUCTION,
INC., Appellant,

v.

MUNICIPALITY OF ANCHORAGE,
Oceanview Homeowners Association and
the Concerned Residents Against Safety
Hazards, Appellees.

No. 5422.

Supreme Court of Alaska.

Aug. 28, 1981.

Patrick B. Gilmore, Atkinson, Conway, Bell & Gagnon, Anchorage, for appellant.

Robert A. Breeze, Rose & Breeze, Anchorage, for appellees Oceanview Homeowners Association and the Concerned Residents Against Safety Hazards.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

This appeal involves only one issue: whether the superior court improperly awarded attorney's fees to the prevailing parties in an administrative appeal.

Royal Krest Construction, Inc. [Royal Krest] appealed to the superior court an administrative decision by the Anchorage Municipal Assembly, sitting as a Board of Adjustment, concerning a zoning matter. The appellees were the Municipality of Anchorage, the Oceanview Homeowners Association and the Concerned Residents Against Safety Hazards. The superior court affirmed the board's decision. The citizens groups requested an award of full attorney's fees, in the amount of $5,132.00, under Civil Rule 82. Royal Krest opposed the motion on the grounds that Civil Rule 82 is inapplicable to administrative appeals and that the amount requested was exorbi-

tant. The superior court awarded the Municipality and the citizens groups attorney's fees in the amount of $3,500.00, "pursuant to" Civil Rule 82. This appeal followed.

We held in *Kodiak Western Alaska Airlines, Inc. v. Bob Harris Flying Service, Inc.*, 592 P.2d 1200, 1204 (Alaska 1979), that an administrative appeal brought under former Appellate Rule 45[1] is not an action under the Civil Rules and thus Civil Rule 82 is inapplicable when awarding attorney's fees for the appeal. We indicated in *Kodiak Western* that the most nearly applicable rule is former Appellate Rule 29(d).[2] *Id.* Accordingly, we conclude that the superior court erred in relying upon Civil Rule 82 when awarding attorney's fees to the Municipality and the citizens groups.

The citizens groups argue that the superior court's award can be justified because this case involved important public interests, relying on *Anchorage v. McCabe*, 568 P.2d 986 (Alaska 1977). The short answer to this contention is that the award was not made based on the public interest theory. In fact, by rejecting the citizens groups' request for full attorney's fees the superior court implicitly rejected their contention that this is a case involving the public interest. On the record and briefs before us we are told essentially nothing of the nature of the underlying dispute and

therefore have no basis for concluding that this implicit determination was erroneous.

The superior court should have based any award of attorney's fees on former Appellate Rule 29(d). As we stated in *Kodiak Western*, 592 P.2d at 1205, attorney's fees need not be awarded as a matter of course under this rule. This differs from Civil Rule 82, which requires that some portion of attorney's fees be awarded to the prevailing party unless, in the exercise of its discretion, the superior court determines that an award should not be made.[3] Because of this difference, we find it necessary to vacate the award and remand the case[4] for consideration of the question of attorney's fees under Appellate Rule 508(e).[5]

REVERSED and REMANDED.

---

1. Former Appellate Rule 45 was replaced by Appellate Rules 601–09 in 1980.

2. Former Appellate Rule 29(d) is identical to Appellate Rule 508(e), which provides in relevant part as follows: "Where costs are allowed in the appellate court, attorney's fees may also be allowed in an amount to be determined by the court."

3. Civil Rule 82(a)(1) states, in relevant part, as follows:

    Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:

    .        .        .        .        .

    Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.

4. *Royal Krest* suggests that it is not necessary to remand this action because Royal Krest is entitled to an award of attorney's fees as the prevailing party in this court. This award, Royal Krest suggests, may be nearly the same as any award the citizens groups are entitled to under Rule 508(e) and, thus, the two awards could offset each other. We are unable to agree. It cannot be assumed that the superior court, in the exercise of its discretion, would award to the citizens groups the same amount for attorney's fees as we award to Royal Krest. It is therefore necessary to remand this action to the superior court.

5. If, upon redetermination, the superior court concludes that an award of attorney's fees would be inappropriate under Appellate Rule 508(e), we note, in accordance with *Conway v. Ross*, 627 P.2d 1029, 1032–1033 (Alaska, 1981) that the court should state its reasons for its decision.