ROYAL KREST CONSTRUCTION,
INC., Appellant,

v.

MUNICIPALITY OF ANCHORAGE,
Oceanview Homeowners Association,
and the Concerned Residents Against
Safety Hazards, Appellees.

No. 6647.

Supreme Court of Alaska.

Nov. 5, 1982.

Jeffrey H. Roth, Jensen, Harris & Roth, Anchorage, for appellant.

Robert A. Breeze, Rose & Breeze, Anchorage, for appellees.

Before BURKE, C.J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

OPINION

PER CURIAM.

This is the second time this attorney's fees dispute has been before the court. In *Royal Krest Construction, Inc. v. Municipality of Anchorage,* 640 P.2d 133 (Alaska 1981), we reversed an award of fees in the amount of $3,500 since it was made pursuant to Civil Rule 82 rather than Appellate Rule 508. The case was remanded because under Appellate Rule 508 attorney's fees need not be awarded as a matter of course, as they are under Civil Rule 82. 640 P.2d at 134.

The superior court concluded that an award of fees was appropriate under Appellate Rule 508. Having concluded that an award was called for under Appellate Rule 508, the court awarded precisely the same amount of attorney's fees as it had previously awarded.

Royal Krest appeals again, contending that the superior court abused its discretion in awarding fees in the amount it did, and that an appropriate award would be $500 to $700.

According to the affidavit of Oceanview's attorney on the administrative appeal, 64.15 hours were required for the appeal. The award of $3,500 thus comes to less than $55 per hour. Royal Krest does not contend that the amount of time spent by Oceanview's counsel was excessive, nor does it contend that $55 per hour is an unreasonable fee or that it amounts to substantially full compensation for Oceanview's actual fees.

We therefore hold that the superior court did not abuse its discretion in awarding appellees $3,500 in attorney's fees pursuant to Appellate Rule 508.

AFFIRMED.